UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------X

THE BUKH LAW FIRM, PLLC,                              CASE NO: 1:22-cv-1158

                Plaintiff,

    v.

THE REPUBLIC OF MOLDOVA, a foreign state,    COMPLAINT

                Defendant.
---------------------------------------------------------------X

THE BUKH LAW FIRM, PLLC, ("Plaintiff"), through its attorney, Nabeel Kibria, Esq., as and for its Complaint against Defendant, THE REPUBLIC OF MOLDOVA, hereby alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### The Parties

1. Plaintiff, THE BUKH LAW FIRM, PLLC, is a general litigation law firm located in Brooklyn.

2. Defendant, THE REPUBLIC OF MOLDOVA is a foreign state within the meaning of Section 1603(a) of the FSIA.

### Subject Matter Jurisdiction and Venue

3. This Court has original jurisdiction over this action without regard to amount in controversy pursuant to U.S.C. § 1330(a), and 28 U.S.C.A. § 1605(a)(2) of the Foreign Sovereign Immunities Act, which states:

> A foreign state shall not be immune from the jurisdiction of courts
> of the United States or of the States in any case – (2) Defendant's
> commercial activities encompass both a regular course of

1

    commercial conduct, including, without limitation, fundraising activities, real estate transactions, and other commercial transactions or acts. Such commercial activities have had (and continue to have) substantial contact with the United States, including (i) acts performed in the United States, (ii) funds raised from persons, entities, agencies, agents, and representatives (including, without limitation, Defendant) in the United States and sent to Defendant from the United States, (iii) real estate purchased and sold in the United States, (iv) explicit and implicit policy directives sent by Defendant overseas to Defendant, Clergy, and other agents and representatives in the United States, and (v) other substantial consequences for persons within the United States resulting from Defendant's actions, directly and/or under the doctrine of respondeat superior, agency theory, and/or the command responsibility doctrine.

  4. The claims of Plaintiff involve "commercial activity carried on in the United States" by the foreign state Defendant which is defined as "commercial activity carried on by such state and having substantial contact with the United States" (28 U.S.C. § 1603(e)).

  5. In this case, because Defendant, REPUBLIC OF MOLDOVA, contracted for services in the United States with Plaintiff, and Plaintiff performed those services within the United States Defendant, REPUBLIC OF MOLDOVA, waived its immunity. Precedent for this can be seen in a case where the Government of Abu Dhabi failed to pay a former advisor in exchange for valuable services rendered in the United States, as it had promised to do during meetings with advisor, which the District Court ruled provided the legal basis for claims, as necessary for the commercial activity exception to Foreign Sovereign Immunities Act (FSIA). *See Friedman v. Govt. of Abu Dhabi, United Arab Emirates*, 464 F. Supp.3d 52 (D.D.C. 2020).

  6. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(f)(4) as "[a] civil action against a foreign state as defined in section 1603(a) of this title may be brought - in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof." Additionally, venue is proper in this District

pursuant to 18 U.S.C. § 1965(a) because Defendant resides, is found, has an agent, or transacts affairs in this District. Venue is also proper in this Court pursuant to 18 U.S.C. § 1965(b) because, to the extent Defendant may reside outside of this District, the ends of justice require such Defendant to be brought before the Court.

## FACTUAL BACKGROUND

7. Plaintiff, BUKH LAW FIRM, PLLC is a general litigation law firm based in Brooklyn, New York.

8. In 2018, Defendant, THE REPUBLIC OF MOLDOVA contracted with Plaintiff to provide legal representation in this District Court for Case No. 1:14-cv-01921-CRC LLC ENERGOALLIANCE v. REPUBLIC OF MOLDOVA. *See* Exhibit 1.

9. Plaintiff provided legal representation services to Defendant both in Brooklyn, New York, and the District of Columbia by performing research, drafting legal documents, and making appearances before this Court between November 29, 2018, and March 12, 2021. *See* https://ecf.dcd.uscourts.gov/cgi-bin/qryAttorneys.pl?169039, last viewed February 7, 2022, *see also* Exhibit 1.

10. On November 2, 2020, Defendant was presented with an itemized bill for Plaintiff's legal representation, which showed that Defendant still owed Plaintiff $9,331.59 for Plaintiff's services under the retainer agreement. *See* Exhibit 2.

11. Additionally, Defendant held a tender in 2019, which was won by Plaintiff to provide legal services to Defendant for its appeal of this Court's judgment to the District of Columbia Circuit Court of Appeals (D.C. Circuit). *See* Exhibit 4. Notices of Appeal were filed on August 30, 2019, and October 14, 2019, *see* Dkt. Nos. 61, 68, and the appeal was assigned

U.S.C.A. Case No. 19-7142. On November 1, 2019, that appeal was consolidated with Case No. 19-7106.

12. The appeal was resolved on February 24, 2021, favorably to THE REPUBLIC OF MOLDOVA. The District Court's order on October 2, 2019, entering judgment against THE REPUBLIC OF MOLDOVA in the amount of $58,591,058.50 was vacated.

13. On November 2, 2020, Defendant was presented with an itemized bill for Plaintiff's legal representation, which showed that Defendant still owed Plaintiff $163,618.33. *See* Exhibit 2. During numerous communications with THE REPUBLIC OF MOLDOVA representatives, they promised to pay the legal fees shortly. Those promises were never fulfilled. Relying on those promises, Plaintiff continued representing Defendant in this matter.

14. On March 9, 2021, Plaintiff filed a Motion to Withdraw as Attorney by the Republic of Moldova because the Republic of Moldova had "announced its intention to file a tender to seek a new attorney for its post-appeal representation in the District Court" and because the Republic of Moldova had "stopped any communications with the undersigned counsel with respect to its obligations to pay its attorney's fees. *See* Exhibit 8. The Motion was granted on March 12, 2021.

15. Plaintiff has sent letters to Defendant attempting to collect the debt on March 15, 2021, and December 7, 2021, *see* Exhibits 5, 6, to no avail.  The total balance due reached $180,715.

## FIRST CAUSE OF ACTION

### Breach of Contract

16. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17. In 2018, Defendant, THE REPUBLIC OF MOLDOVA contracted with Plaintiff to provide legal representation in this District Court for Case No. 1:14-cv-01921-CRC LLC ENERGOALLIANCE v. REPUBLIC OF MOLDOVA. S*ee* Exhibit 1.

18. The essential elements of a contract are the following: consent of the contracting parties, object certain that is the subject matter of the contract, and cause of the obligation that is established. *See* § 57:2. *Contracts—Formation of contracts, offer and acceptance*, 2 Transnational Contracts § 57:2, Digest of Commercial Contract Laws, November 2021 Update, Neville Peterson LLP.

19. The 2018 retainer agreement gives a detailed description of the subject matter of the contract. The Moldovan official's, Arkady Bukh's signature, and the official seal of the Republic of Moldova at the bottom of the retainer agreement give the parties' consent to the terms of the contract. Finally, the specific performance of Plaintiff's law firm, as well as court records of filings, appearances, and motions, establish the obligation for Defendant to perform its duties accepted in the contract.

20. Although, by its terms, the 2018 retainer agreement is not a contract covering the appeal in the D.C. Circuit, there was a contract between the parties for that case, as well. Defendant made a tender in 2019 for bids on legal representation in the D.C. Circuit appeal. Plaintiff submitted its bid. *See* Exhibit 3. Defendant accepted the Defendants' offer. "After a careful review of the submitted bids, the Selection Committee designated the winner of the procedure on October 11, 2019, specifically, **'Albu Inga' Law Office (Republic of Moldova) in partnership with BUKH LAW FIRM, PLLC, (USA)** to represent the interests of the State before the United States Court of Appeals for the District Columbia Circuit." *See* Exhibit 4.

After the specific performance of Plaintiff, Defendant was obligated to perform its contractual duties.

21. Therefore, Defendant is in breach of the 2018 retainer agreement in the amount of $9,331.59 and the 2019 contract in the amount of $171,383.41.

**WHEREFORE**, Plaintiff demands judgment against Defendant, for actual damages, not less than $180,715, along with interests, costs, attorney's fees, and such other and further relief as justice requires.

## SECOND CAUSE OF ACTION

### Account Stated

22. Plaintiffs repeat and re-allege and incorporate by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. "An account stated may be implied when a creditor sends a statement of an account to a debtor and the debtor, who has a duty to examine the statement to ascertain whether it is correct or not, keeps it for a reasonable time without objecting to the correctness of the account." *Ally & Gargano, Inc. v. Comprehensive Accounting Corp.*, 615 F. Supp. 426, 429 (S.D.N.Y. 1985); *Berliner Corcoran & Rowe Llp v. Orian*, Civil Action No. 06-1543 2009 U.S. Dist. LEXIS 149770, at *44 (D.D.C. Aug. 17, 2009)("[t]he essential [elements] of an account stated [are] that '[a] balance must have been struck in such circumstances as to import a promise of payment on the one side and acceptance on the other'").

24. Recovery must be granted for the 2018 retainer agreement in the amount of $9,331.59. First, because Defendant never disputed the amount or fact of the debt prior to the February 4, 2022 letter. *See* Exhibit 8. Second, because "[a]n agreement may also be implied

from the fact that the debtor makes a partial payment towards reducing the balance of the account." *See Ally & Gargano, Inc.* at 429.

25. Recovery must also be granted for the 2019 contract in the amount of 171,383.41 on the theory of account stated because Defendant never disputed the amount or fact of the debt prior to the February 4, 2022 letter.

26. Furthermore, Defendant has the burden of showing in what respect the account statements Plaintiff submitted are false or erroneous. *Four Star Comics Corp. v. Kable News Co.*, 224 F. Supp. 108, 113 (S.D.N.Y. 1963), aff'd, 327 F.2d 287 (2d Cir. 1963).

**WHEREFORE**, Plaintiff demands judgment against Defendant, for actual damages, not less than $180,715, along with interests, costs, attorney's fees, and such other and further relief as justice requires.

### THIRD CAUSE OF ACTION

#### Unjust Enrichment

27. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. Defendant received the benefit of legal representation and services from Plaintiff in District Court and the D.C. Circuit.

29. By appropriating Plaintiff's services for itself, Defendant has been enriched at Plaintiff's expense. Defendant has rejected demands for compensation.

30. Under the circumstances, in good conscience and equity, Defendant cannot be allowed to benefit from Plaintiff's services without recompense. Equity and good conscience require Defendant to pay damages and restitution to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant, for actual damages, not less than $180,715, along with interests, costs, attorney's fees, and such other and further relief as justice requires.

## FOURTH CAUSE OF ACTION

### Quantum Meruit

31. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. A plaintiff "must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" to prove a *quantum meruit* claim. *Scott v. Rosenthal*, 53 Fed. Appx. 137, 140 (2d Cir. 2002).

33. Here, Plaintiff provided legal representation services to Defendant both in Brooklyn, New York, and the District of Columbia by performing research, drafting legal documents, and making appearances before this and D.C. Circuit Courts between November 29, 2018, and March 12, 2021.

34. Defendant accepted Plaintiff's services in writing and by allowing Plaintiff to actually represent it in both the District Court and the D.C. Circuit. *See* Exhibits 1, 4.

35. Plaintiff expected to be compensated for its services. This was expressed to Defendant in no uncertain terms in the Retainer Agreement at the District Court level and in Plaintiff's bid on the tender. *See* Exhibits 1, 3.

36. The reasonable value of Plaintiff's services was expressed in the Invoices Plaintiff sent to Defendant. *See* Exhibit 2, 5, 6.

**WHEREFORE**, Plaintiff demands judgment against Defendant, for actual damages, not less than $180,715, along with interests, costs, attorney's fees, and such other and further relief as justice requires.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment against the Defendant on each cause of action and prays that this Court grant the following relief:

A. Awarding actual and compensatory damages in an amount to be proved at trial, not less than $180,715;

B Awarding costs and fees of this action, including attorneys' fees to the extent permitted by law;

C. Awarding pre-judgment and post-judgment interest to the extent permitted by law;

D. Awarding any such other and further relief as this Court may deem just and proper.

Dated: April 26, 2022

Alexandria, Virginia

Respectfully Submitted,

s/ Nabeel Kibria

_____

*Attorneys for Plaintiff*
Nabeel Kibria, Esq.
D.C. BAR# 1022468
400 Cameron Station Blvd #415
Alexandria, VA 22304
202-689-4439
nabeel@ervinkibrialaw.com